IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES EDWARD OLIVER | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA, UNDER COLOR OF STATE LAW, et al. | : | NO. 12-6426 |

M E M O R A N D U M

YOHN, J.                                                        JANUARY ___, 2013

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against Philadelphia, the Narcotics Unit of the Philadelphia Police Department, eleven police officers, a Judge of the Philadelphia County Court of Common Pleas, an Assistant District Attorney, four defense attorneys and two private citizens. He is alleging, in essence, that he is the victim of a false arrest and a malicious prosecution. In his prayer for relief, he is seeking money damages and to have his criminal record expunged.

I. STANDARD OF REVIEW

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

II. DISCUSSION

   A.  Judicial Immunity

Judges have absolute immunity from § 1983 actions

seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Willis Berry was acting outside of his judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Berry must be dismissed.

### B. Prosecutorial Immunity

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that Assistant District Attorney Ed Jarimello acted outside of the scope of his prosecutorial duties in connection with plaintiff's criminal case. Accordingly, the claims against Assistant District Attorney Ed Jarimello will also be dismissed.

### C. Defense Attorneys

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, Mrs. J. Barnes, Mr. Max G. Kramer, Mrs C. Quin and Gary Sanford Server cannot be sued under

§ 1983.

### D. Municipal Liability

Plaintiff's claims against Philadelphia and the Narcotics Unit of the Philadelphia Police Department will also be dismissed. Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There are no such allegations in the complaint.

### E. False Arrest Claim

The Supreme Court has held that civil rights claims are most analogous to common law tort actions, and are subject to the state statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989). The Pennsylvania statute of limitations on a personal injury action is two years. See 42 Pa. Cons. Stat. Ann. § 5524. The two year statute of limitations on a false arrest claim begins to run when an individual is arraigned or otherwise bound over for trial. See Wallace v. Kato, 549 U.S. 384 (2007). Plaintiff alleges that he was falsely arrested on January 31, 2006. He filed this civil action on November 14, 2012. Therefore, he is now time barred from bringing this false arrest claim against the police officers.

### F. Malicious Prosecution Claims

Plaintiff's malicious prosecution claims are not cognizable under § 1983. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his convictions and related imprisonment invalid. However, he does not state that his conviction has been reversed or otherwise invalidated.

### G. Non-State Actors

Plaintiff states that he and James Smith and James Davis were arrested at the same time. These allegations do not support a finding that these defendants are state actors, and the claims against them must be dismissed.

### H. Expungement of Criminal Record

Finally, plaintiff is requesting that his criminal record be expunged. Such a request may not be brought through a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

## III. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.